IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONGODB, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 25-641-MN |
| | ) |
| FERRETDB INC., | ) |
| | ) |
| Defendant. | ) |

**OPENING BRIEF IN SUPPORT OF PLAINTIFF/COUNTER-DEFENDANT
MONGODB, INC.'S MOTION TO DISMISS DEFENDANT/COUNTER-PLAINTIFF
<u>FERRETDB'S AMENDED COUNTERCLAIMS</u>**

OF COUNSEL:
David Silbert
Sharif E. Jacob
Kristen E. Lovin
Ryan J. Hayward
Theresa M. Dawson
Yegina Whang
KEKER, VAN NEST & PETERS LLP
633 Battery Street
San Francisco, CA  94111-1809
(415) 391-5400

Dated: December 3, 2025

Nathan R. Hoeschen (No. 6232)
Virginia K. Lynch (No. 7423)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
nhoeschen@shawkeller.com
glynch@shawkeller.com
*Attorneys for Plaintiff MongoDB, Inc.*

## **TABLE OF CONTENTS**

|   |   | Page |
|---|---|---|
| NATURE AND STAGE OF THE PROCEEDINGS | | 1 |
| SUMMARY OF ARGUMENT | | 1 |
| STATEMENT OF FACTS | | 3 |
| ARGUMENT | | 5 |
| I. | LEGAL STANDARD | 5 |
| II. | FERRETDB'S COUNTERCLAIMS ARE PREEMPTED BY PATENT LAW. | 5 |
| III. | THE COURT SHOULD DISMISS FERRETDB'S COUNTERCLAIMS WITH PREJUDICE. | 9 |
| CONCLUSION | | 10 |

# **TABLE OF AUTHORITIES**

**Page(s)**

**Federal Cases**

*800 Adept, Inc. v. Murex Secs., Ltd.*,
  539 F.3d 1354 (Fed. Cir. 2008)......................................................................................6, 8

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).............................................................................................................7

*Cureton v. NCAA*,
  252 F.3d 267 (3d Cir. 2001).................................................................................................9

*E.I. Dupont De Nemours & Co. v. Unifrax I LLC*,
  C.A. No. 14-1250-RGA, 2015 WL 4641615 (D. Del. Aug. 5, 2015).........................................8

*Fisher Tooling Co., Inc. v. Gillet Outilliage*,
  No. CV 04-7550 ABC, 2006 WL 5895307 (C.D. Cal. June 6, 2006) .....................................7

*Globe Cotyarn Pvt. Ltd. v. Next Creations Holdings LLC*,
  No. 18 Civ. 04208 (ER), 2020 WL 4586892 (S.D.N.Y. Aug. 10, 2020) ..................................8

*Globetrotter Software, Inc. v. Elan Comput. Grp.*,
  362 F.3d 1367 (Fed. Cir. 2004)........................................................................................2, 6

*Inst. for Env't Health, Inc. v. Nat'l Beef Packing Co., LLC*,
  C.A. No. 23-826-JHS, 2024 WL 5117412 (D. Del. Dec. 16, 2024).........................................5

*Luna Solutions, LLC, v. USV Optical, Inc.*,
  C.A. No. 24-196-GBW, 2025 WL 2817786 (D. Del. Oct. 3, 2025).........................................5

*Matthews Int'l Corp. v. Biosafe Eng'g, LLC*,
  695 F.3d 1322 (Fed. Cir. 2012)...................................................................................6, 7, 8

*Mikohn Gaming Corp. v. Acres Gaming, Inc.*,
  165 F.3d 891 (Fed. Cir. 1998).......................................................................................2, 4, 6

*Oran v. Stafford*,
  226 F.3d 275 (3d Cir. 2000).................................................................................................9

*Oran v. Stafford*,
  34 F. Supp. 2d 906 (D.N.J. 1999), *aff'd*, 226 F.3d 275 (3d Cir. 2000).....................................9

*Pactiv Corp. v. Perk-Up, Inc.*,
  C.A. No. 08–05072 (DMC), 2009 WL 2568105 (D.N.J. Aug. 18, 2009) .................................7

*Virtue v. Creamery Package Mfg. Co.*,
 227 U.S. 8 (1913) .............................................................................................................. 8, 9

*Wilco AG v. Packaging Techs. & Inspection LLC*,
 615 F. Supp. 2d 320 (D. Del. 2009) ...................................................................................... 7

*Zenith Elecs. Corp. v. Exzec, Inc.*,
 182 F.3d 1340 (Fed. Cir. 1999) ......................................................................................... 2, 6

**Federal Statutes**

Lanham Act 15 U.S.C. § 1125 ................................................................................................... 1, 4

**State Statutes**

6 Del. C. § 3313 ............................................................................................................................. 1

**Rules**

Fed. R. Civ. P. 8 ............................................................................................................................. 1

Fed. R. Civ. P. 12 ....................................................................................................................... 6, 9

**Other Authorities**

U.S. Patent No. 8,996,463 .............................................................................................................. 1

U.S. Patent No. 9,262,462 .............................................................................................................. 1

U.S. Patent No. 10,031,956 ............................................................................................................ 1

U.S. Patent No.10,866,868 ............................................................................................................. 1

## NATURE AND STAGE OF THE PROCEEDINGS

Plaintiff/Counter-Defendant MongoDB, Inc. ("MongoDB") filed its Complaint against Defendant/Counter-Plaintiff FerretDB Inc. ("FerretDB") on May 23, 2025, asserting: (a) infringement of four patents: U.S. Patent No. 8,996,463; U.S. Patent No. 9,262,462; U.S. Patent No. 10,031,956; and U.S. Patent No.10,866,868 (hereinafter, the "Asserted Patents"); (b) false advertising under the Lanham Act (15 U.S.C. § 1125(a)); and (c) trademark dilution under Delaware state law (6 Del. C. § 3313 *et seq.*). D.I. 1. Rather than moving to dismiss any of MongoDB's claims, FerretDB answered the Complaint on September 17, 2025—thereby conceding that MongoDB's Complaint satisfies Rule 8 pleading standards. D.I. 18. FerretDB also asserted nine counterclaims. *Id.* On October 22, 2025, MongoDB moved to dismiss the counterclaim for tortious interference with prospective business relationships. D.I. 21. FerretDB did not oppose the motion and, instead, opted to file an amended answer on November 5, 2025. D.I. 22.

In its amended answer, FerretDB asserts eleven counterclaims. Eight of the counterclaims seek declarations that the Asserted Patents are invalid and that FerretDB does not infringe the Asserted Patents. *Id.*, Amended Counterclaims ¶¶ 36–87. The remaining counterclaims allege that MongoDB engaged in false advertising, defamation/commercial disparagement/trade libel (*i.e.*, "defamation"), and tortious interference with FerretDB's existing and prospective business relationships (*i.e.*, "tortious interference"). *Id.*, Amended Counterclaims ¶¶ 88–112. MongoDB now moves to dismiss with prejudice FerretDB's counterclaims for false advertising (Count IX), defamation (Count X), and tortious interference (Count XI) because they are preempted by federal patent law.

## SUMMARY OF ARGUMENT

FerretDB's counterclaims for false advertising, defamation, and tortious interference should be dismissed. The counterclaims are based on MongoDB's assertions of its patent rights,

1

but these types of communications are "conditionally privileged under the patent laws, so that such statements are not actionable unless made in bad faith." *Zenith Elecs. Corp. v. Exzec, Inc.*, 182 F.3d 1340, 1353 (Fed. Cir. 1999). Thus, FerretDB's counterclaims "can survive federal preemption only to the extent that those claims are based on a showing of 'bad faith' action in asserting infringement." *Globetrotter Software, Inc. v. Elan Comput. Grp.*, 362 F.3d 1367, 1374 (Fed. Cir. 2004).

FerretDB fails to demonstrate that MongoDB's patent infringement allegations are made in bad faith. It claims that "MongoDB falsely claimed and continues to claim on its website that FerretDB infringes MongoDB's patents, which are actually **not** infringed and **not** valid." D. I. 22, Amended Counterclaims ¶ 33 (emphasis in original). But FerretDB never even challenged the sufficiency of *any* of MongoDB's patent infringement claims as pleaded. The most that FerretDB musters to attempt to show bad faith is the bald, conclusory allegation that MongoDB's patent infringement allegations are "knowingly false, misleading, intentionally calculated to disparage FerretDB's products and services, and dissuade potential customers and business partners from working with FerretDB." *Id.*, Amended Counterclaims ¶ 31. FerretDB's conclusory allegations are wholly insufficient to carry its burden of making "a threshold showing of incorrectness or falsity, or disregard for either[.]" *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed. Cir. 1998). Indeed, courts in this Circuit have routinely dismissed similarly threadbare allegations claims for failure to sufficiently allege bad faith. *See infra* at 6–8 (discussing cases).

Lastly, the Court should dismiss FerretDB's counterclaims with prejudice. Amendment would be futile as FerretDB has now twice failed to provide any facts in support of its bald assertion that MongoDB acted maliciously or in bad faith by raising its infringement contentions. Allowing further amendment would also cause undue delay and prejudice MongoDB given that FerretDB has already amended its counterclaims once, this case is now seven months old, and no discovery has been taken to date. *See infra* at 9.

For these reasons, and more stated below, MongoDB respectfully requests that the Court dismiss FerretDB's counterclaims for false advertising (Count IX), defamation (Count X), and tortious interference (Count XI).

## STATEMENT OF FACTS

***MongoDB's Claims***: MongoDB filed its Complaint in this action on May 23, 2025, asserting claims against FerretDB for patent infringement, false advertising, and trademark dilution. *See generally*, D.I. 1. MongoDB is a leading innovator in the field of digital databases. *Id*. ¶ 2. For eighteen years, MongoDB has proudly developed and maintained an industry leading free and source-available database platform that is trusted by organizations around the world. *Id*. ¶ 1. MongoDB pioneered the development of "non-relational" databases, which excel in scenarios where more conventional "relational" databases struggle, as in when dealing with the ever more diverse and massive datasets that are increasingly associated with the modern digital age. *Id*. ¶ 2. MongoDB spent many years developing groundbreaking improvements to database design, management, and implementation, which resulted in a number of patents that are directed to inventive aggregation framework system architectures and methods to optimize aggregate operations over a database based on data dependencies and other groundbreaking improvements to database design, management, and implementation. *Id*. ¶¶ 22–23.

Unfortunately, FerretDB has taken unfair, unlawful advantage of MongoDB's open development approach and claims to offer an unlicensed purported "replacement" for MongoDB. *Id*. ¶¶ 5, 22–24. As a result, FerretDB has infringed on MongoDB's patented technology, and it has declined to end its infringement even after MongoDB asked FerretDB to do so numerous times. *Id*. ¶ 5.

In the course of copycatting MongoDB's patented technology, FerretDB also engaged in false advertising and diluted MongoDB's trademarks. FerretDB has made harmfully false claims about its own products, MongoDB products, and the relationship between them, including, for example, falsely representing to the public that it has built a "replacement" product for

3

MongoDB and falsely claiming that FerretDB is compatible with MongoDB in ways that it is not. *Id*. ¶¶ 6, 22, 33–36, 152–56. Compounding the injury to MongoDB, FerretDB has improperly offered its subpar products by misusing, muddling, and diluting MongoDB's trademarks—including by repeatedly making deceptive statements suggesting to users that it *offers* MongoDB products and services, and by repeatedly using MongoDB's trademarks in misleading contexts. *Id*. ¶¶ 49–58, 157–64.

**FerretDB's Counterclaims**: FerretDB chose not to move to dismiss any of MongoDB's claims, and it answered MongoDB's Complaint on September 17, 2025. D.I. 18. FerretDB's answer also asserted nine counterclaims, including a tortious interference counterclaim. *Id.* On October 22, 2025, MongoDB moved to dismiss the tortious interference counterclaim. D.I. 21. In response, FerretDB chose not to contest MongoDB's motion to dismiss and instead filed an amended answer on November 5, 2025. D.I. 22.

In its amended answer, FerretDB asserts eight counterclaims seeking declaratory judgments of noninfringement and of the invalidity of the Asserted Patents. FerretDB's remaining counterclaims allege that MongoDB engaged in false advertising in violation of § 43(a) of the Lanham Act (Count IX), defamation (Count X), and tortious interference with certain of FerretDB's existing and prospective business relationships (Count XI). *Id*., Amended Counterclaims ¶¶ 88–112. The gravamen of these counterclaims is that MongoDB made false and defamatory accusations of FerretDB's unlawful conduct—including patent infringement—on its website and in a letter to an unidentified "potential FerretDB customer[.]" *Id.*, Amended Counterclaims ¶¶ 20–23. With its amended counterclaims, FerretDB included a screenshot of a blog post that MongoDB posted to its website, summarizing its allegations against FerretDB in this lawsuit and explaining why MongoDB decided to bring this action. D.I. 22-1, Ex. A at 3–4. The blog post states that MongoDB "welcome[s] competition that drives progress and expands developer choice . . . . [b]ut that only works when everyone plays fair[.]" *Id.* at 3. The blog post goes on to explain that MongoDB "asked FerretDB to stop engaging in unfair business practices" because it "believe[s] that FerretDB has crossed two distinct lines" by engaging in false

4

advertising and infringing MongoDB's patents. *Id.* Specifically, MongoDB's blog post states that "FerretDB is infringing multiple MongoDB patents that cover how aggregation pipelines are processed and optimized, and other MongoDB functionality that increases the reliability of write operations." *Id.* at 3–4. The blog post clarifies that FerretDB "is trying to hide behind being an open source alternative, but at the end of the day, this isn't about open source, it's about imitation, theft, and misappropriation masquerading as compatibility." *Id.* at 4.

FerretDB now (falsely) asserts that these statements were part of MongoDB's "campaign to maliciously defame FerretDB to potential customers and scare off would-be business partners." D.I. 22, Amended Counterclaims ¶ 20. FerretDB further alleges that, as a result, it was "excluded from the open source database collaboration with the Linux Foundation[.]" *Id.*, Amended Counterclaims ¶ 32.

## ARGUMENT

### I. LEGAL STANDARD

"Courts evaluate a motion to dismiss a counterclaim under the same standard as a motion to dismiss a complaint." *Inst. for Env't Health, Inc. v. Nat'l Beef Packing Co., LLC*, C.A. No. 23-826-JHS, 2024 WL 5117412, at *4 (D. Del. Dec. 16, 2024). Therefore, "[t]o state a counterclaim on which relief can be granted, a counterclaim must contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Luna Solutions, LLC, v. USV Optical, Inc.*, C.A. No. 24-196-GBW, 2025 WL 2817786, at *2–3 (D. Del. Oct. 3, 2025) (quoting Fed. R. Civ. P. 8(a)(2)). "Such a counterclaim must plausibly suggest facts sufficient to draw the reasonable inference that the [counterclaim] defendant is liable for the misconduct alleged." *Id*. (cleaned up).

### II. FERRETDB'S COUNTERCLAIMS ARE PREEMPTED BY PATENT LAW.

The Court should dismiss FerretDB's counterclaims for false advertising, defamation, and tortious interference because they are preempted by patent law. "[F]ederal patent law preempts state-law tort liability for a patentholder's good faith conduct in communications

asserting infringement of its patent and warning about potential litigation." *Globetrotter Software, Inc.*, 362 F.3d at 1374. These claims "can survive federal preemption only to the extent that those claims are based on a showing of 'bad faith' action in asserting infringement." *Id.* The bad faith standard also applies to Lanham Act claims for a patentee's "marketplace activity in support of its patent." *Zenith Elecs. Corp.*, 182 F.3d at 1353.

Bad faith includes both objective and subjective components. *800 Adept, Inc. v. Murex Secs., Ltd.*, 539 F.3d 1354, 1370 (Fed. Cir. 2008). "Infringement allegations are objectively baseless" only "if *no* reasonable litigant could realistically expect success on the merits." *Id.* (cleaned up and emphasis added). "In general, a threshold showing of incorrectness or falsity, or disregard for either, is required in order to find bad faith in the communication of information about the existence or pendency of patent rights." *Mikohn Gaming Corp.*, 165 F.3d at 897. "In order to survive [a] motion to dismiss under Rule 12(b)(6), [a plaintiff is] required to do more than make bald assertions that [the defendant] acted in bad faith." *Matthews Int'l Corp. v. Biosafe Eng'g, LLC*, 695 F.3d 1322, 1332 n.5 (Fed. Cir. 2012) (cleaned up).

Here, FerretDB's false advertising, defamation, and tortious interference counterclaims are based on MongoDB's statements regarding its infringement allegations and patent rights at issue in this case. *See* D.I. 22, Amended Counterclaims ¶ 25–27, 89-90, 94–96, 105–107. The essence of MongoDB's blog post mirrors the patent infringement claims raised in this action, asserting that "FerretDB is infringing multiple MongoDB patents that cover how aggregation pipelines are processed and optimized, and other MongoDB functionality that increases the reliability of write operations. . . . Rather than investing in new ideas, FerretDB has attempted to capitalize on over 15 years of MongoDB's research and development [by] copying core innovations[.]" D. I. 22-1, Ex. A at 3–4; *see also* D.I. 22, Amended Counterclaims ¶¶ 30, 33. FerretDB also seeks liability for certain statements MongoDB allegedly made in a letter to "a potential FerretDB customer." D.I. 22, Amended Counterclaims ¶ 22. But, according to FerretDB's own allegations, those statements provide notice of infringement of MongoDB's patent. Specifically, the letter allegedly stated that FerretDB "helped itself to 15 years worth of

6

MongoDB research and development in an effort to unfairly capitalize on our intellectual property." *Id*. Because MongoDB is "entitled to communicate facts about its suit in the marketplace, including accusations of infringement, consistent with its allegations in suit[,]" FerretDB must sufficiently allege that MongoDB's communications concerning its patent infringement allegations were made in bad faith in order for MongoDB's statements to be actionable. *Wilco AG v. Packaging Techs. & Inspection LLC*, 615 F. Supp. 2d 320, 325 (D. Del. 2009).

FerretDB attempts to allege bad faith by baldly asserting that "MongoDB falsely claimed and continues to claim on its website that FerretDB infringes MongoDB's patents, which are actually **not** infringed and **not** valid." D.I. 22, Amended Counterclaims ¶ 33 (emphasis in original). But FerretDB fails to provide any facts in support of its assertion. For example, the amended answer is devoid of any facts that could demonstrate that the Asserted Patents are clearly not infringed. *See Pactiv Corp. v. Perk-Up, Inc.*, C.A. No. 08–05072 (DMC), 2009 WL 2568105, at *9 (D.N.J. Aug. 18, 2009) (holding that the defendants failed to sufficiently allege bad faith to survive a motion to dismiss because, despite alleging that the plaintiff knew that its patent was not infringed, the defendants "fail[ed] to provide any facts that would suggest [the plaintiff] actually gained the alleged knowledge or that discovery would reveal evidence of knowledge"). FerretDB's conclusory statements are thus wholly insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009); *see also Fisher Tooling Co., Inc. v. Gillet Outilliage*, No. CV 04-7550 ABC (MCx), 2006 WL 5895307, at *7 (C.D. Cal. June 6, 2006) ("[M]ere allegations that the patent holder has acted in bad faith will not overcome [the] presumption" that "a patent holder acts in good faith when asserting rights in a duly granted patent.").

*Matthews International Corporation* is on all fours. There, the plaintiff claimed that the defendant had "launched a bad faith whispering campaign . . . by making accusations and veiled threats to potential customers that [the plaintiff's] equipment infringed [the defendant's] patents." *Matthews Int'l Corp.*, 695 F.3d at 1327. The district court dismissed the plaintiff's claims of trade libel, defamation, and tortious interference, holding that "a finding of bad faith

could not be premised on the dissemination of information that was 'objectively accurate,' and that [the plaintiff's] 'bald assertions' were insufficient to support its claim that [the defendant's] infringement allegations were made in bad faith." *Id.* Affirming the district court's decision, the Federal Circuit concluded that the defendant had a reasonable basis for alleging infringement since its patents disclosed a process used in the plaintiff's equipment. *Id.* at 1332. Similarly here, FerretDB's own allegations claim that its product allows users to "interact with FerretDB ***just like*** MongoDB." D.I. 22, Amended Counterclaims ¶ 14 (emphasis added). The Federal Circuit also noted that the plaintiff—like FerretDB—"point[ed] to nothing to indicate that [the] alleged infringement allegations were so unreasonable as to be objectively baseless[.]" *Matthews Int'l Corp.*, 695 F.3d at 1332.

Indeed, the absence of factual allegations in support of FerretDB's counterclaims makes it difficult to understand FerretDB's theory of bad faith. To the extent FerretDB relies on its prior art references, *see* D.I. 22, Amended Counterclaims ¶¶ 45, 58, 71, 84, courts have held that mere mention of prior art references, without more, is insufficient even at the motion to dismiss stage. *See E.I. Dupont De Nemours & Co. v. Unifrax I LLC*, C.A. No. 14-1250-RGA, 2015 WL 4641615, at *1 (D. Del. Aug. 5, 2015) (dismissing counterclaims for failure to allege bad faith because the defendant "named a piece of prior art, but [did] nothing more with it"); *see also Globe Cotyarn Pvt. Ltd. v. Next Creations Holdings LLC*, No. 18 Civ. 04208 (ER), 2020 WL 4586892, at *7 (S.D.N.Y. Aug. 10, 2020) (granting a motion to dismiss for failure to allege bad faith because the complaint did not assert "that all claims of the [defendant's] patents were invalidated by prior art[,]" meaning that "statements that [the plaintiff's] product infringed its patents could not have been made in bad faith if only some of its patents were invalid").

To the extent the defamation and tortious interference counterclaims also depend on MongoDB's letters to unidentified customers, that too fails. *See, e.g.*, D.I. 22, Amended Counterclaims ¶¶ 94, 104. "Patents would be of little value if infringers of them could not be notified of the consequences of infringement." *Virtue v. Creamery Package Mfg. Co.*, 227 U.S. 8, 37–38 (1913); *see also 800 Adept, Inc.*, 539 F.3d at 1369 (recognizing that this principle also

8

applies to conduct where a "patentee attempt to enforce its patent against a competitor's customers"). Therefore, "[s]uch action, considered by itself, cannot be said to be illegal." *Virtue*, 227 U.S. at 38.

Accordingly, the Court should dismiss FerretDB's counterclaims for false advertising, defamation, and tortious interference with current and prospective business relationships.

### III. THE COURT SHOULD DISMISS FERRETDB'S COUNTERCLAIMS WITH PREJUDICE.

Finally, the Court should deny FerretDB leave to amend because "amendment would cause undue delay . . . or . . . be futile." *Oran v. Stafford*, 226 F.3d 275, 291 (3d Cir. 2000). Amendment would be futile as FerretDB has now twice failed to provide any facts in support of its bald assertion that MongoDB acted maliciously or in bad faith by raising its infringement contentions. *Compare* D.I. 18, Counterclaims ¶ 84 *with* D.I. 22, Amended Counterclaims ¶ 31; *see also Oran,* 226 F. 3d at 291 (finding amendment futile where additional allegations would not change the court's analysis under Rule 12(b)(6)); *Cureton v. NCAA*, 252 F.3d 267, 273 (3d Cir. 2001) (leave to amend a pleading that fails to state a claim may be denied on grounds of futility). Allowing further amendment would also cause undue delay. MongoDB already granted FerretDB a 60-day extension to respond to MongoDB's Complaint, FerretDB already amended its counterclaims once after MongoDB moved to dismiss FerretDB's counterclaim, this case is now seven months old, and no discovery has been taken to date. *See Oran v. Stafford*, 34 F. Supp. 2d 906, 914 (D.N.J. 1999) (finding undue delay for similar reasons), *aff'd*, 226 F.3d 275 (3d Cir. 2000); *Cureton*, 252 F.3d at 273 ("Delay may become undue when a movant has had previous opportunities to amend a complaint."). MongoDB therefore requests that the Court dismiss Counts IX, X, and XI with prejudice.

## **CONCLUSION**

For the foregoing reasons, MongoDB respectfully requests that the Court dismiss with prejudice FerretDB's counterclaims for false advertising (Count IX), defamation (Count X), and tortious interference with business relationships (Count XI).

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | */s/ Nathan R. Hoeschen* |
|  | Nathan R. Hoeschen (No. 6232) |
|  | Virginia K. Lynch (No. 7423) |
| OF COUNSEL: | SHAW KELLER LLP |
| David Silbert | I.M. Pei Building |
| Sharif E. Jacob | 1105 North Market Street, 12th Floor |
| Kristen E. Lovin | Wilmington, DE 19801 |
| Ryan J. Hayward | (302) 298-0700 |
| Theresa M. Dawson | nhoeschen@shawkeller.com |
| Yegina Whang | glynch@shawkeller.com |
| KEKER, VAN NEST & PETERS LLP | *Attorneys for Plaintiff MongoDB, Inc.* |
| 633 Battery Street |  |
| San Francisco, CA 94111-1809 |  |
| (415) 391-5400 |  |

Dated: December 3, 2025

10